**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CV-00-1120-PHX-FJM (LOA) |
| ) | |
| Plaintiff, ) | **ORDER TO SHOW CAUSE** |
| ) | |
| vs. ) | |
| ) | |
| Brian W. Murphy, ) | |
| ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| HW Johnson, Inc., ) | |
| ) | |
| Garnishee. ) | |

On July 5, 2006, the assigned District Judge, the Honorable Frederick J. Martone, referred this case to the undersigned for the limited purpose of addressing Plaintiff's pending Motion For Entry Of Garnishment Disposition Order (docket # 20), filed on May 16, 2006. (docket # 24)  Plaintiff seeks a garnishment order of Defendant/debtor's earnings with his purported current employer, HW Johnson, Inc., the Garnishee. See Garnishee's Answer (docket # 15), filed on April 13, 2006.

The file reflects that the Complaint was filed on June 12, 2000 and, pursuant to stipulation, a Consent Judgment was entered on September 19, 2000 against Defendant in the sum of $13,519.26 plus costs and accruing interest until paid in full. (docket # 6) Except for a 2001 writ of garnishment on a former employer, there has been little file activity until Plaintiff filed a second Application For Writ Of Garnishment (docket # 12) on March

1 23, 2006 which is the genesis of the pending Motion For Entry Of Garnishment Disposition
2 Order. The Court's hard-copy file containing all the pleadings filed from June 12, 2000 to
3 March 15, 2001, all filed prior to the District Court's transition to electronic filing, are in
4 storage and have been requested. Only the documents electronically filed or scanned into the
5 file on and after March 23, 2006 are readily available for Court's review.

6 Perhaps because access to the entire file is currently limited, the Court has
7 serious concerns whether Defendant/debtor has received sufficient constitutional notice of
8 Plaintiff's Motion For Entry Of Garnishment Disposition Order and related pleadings for the
9 Court to recommend that the subject Motion be granted. The Application For Writ Of
10 Garnishment (docket # 12) does not certify that a copy was mailed, or hand-delivered, to
11 Defendant/debtor. There is no waiver of process or affidavit of service of process on
12 Defendant/debtor for the subject Motion and/or the March 23, 2006 Application For Writ Of
13 Garnishment in the file. The March 23, 2006 Application identifies Defendant/debtor's
14 address as, and the Motion For Entry Of Garnishment Disposition Order certifies that a copy
15 was mailed to, "Brian W. Murphy, Laveen, Arizona." Incredibly, neither gives a street
16 address, just a town in central Arizona. Documents # 19 and # 21 were mailed by the Clerk
17 in April and May, 2006 to Defendant/debtor at 7108 S. 10th St., Phoenix, Az 85040 and were
18 returned as undeliverable. (docket # 22 and # 23) Additionally, Plaintiff's Motion For Entry
19 Of Garnishment Disposition Order indicates in paragraph 3 that "[o]n April 7, 2006, the
20 Clerk's Notice of Post Judgment Garnishment and Garnishment Instructions to Judgment
21 Debtor was sent to Defendant . . . and informed Defendant that if he objected to the
22 garnishment, a hearing must be requested with the court, in writing, within twenty days of
23 receipt of the Notice." (docket # 20 at 1- 2) Plaintiff provides no information or evidence,
24 however, that this Notice or the Clerk's Notice Of Post Judgment Garnishment (docket # 13),
25 prepared for the Clerk by Plaintiff, or Plaintiff's self-serving Notice Of Service Of
26 Documents On Judgment Debtor (docket # 16), dated April 18, 2006, was actually received
27 by Defendant/debtor or even mailed to his correct address.

28

The Supreme Court has held that the required notice to be given when substantial rights are involved is that which is "reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978); Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). The Mullane Court noted that "the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Id. 339 U.S. at 315, 70 S.Ct. at 657. If conditions do not permit that kind of notice, the form used should not be substantially less likely to inform the defendant than any other feasible alternative. Id. at 315, 70 S.Ct. at 657. In 1985, Arizona's postjudgment garnishment procedures were held unconstitutional in Neeley v. Century Fin. Co., 606 F.Supp. 1453, 1469-70 (D.Ariz.1985), and that the Arizona legislature has extensively amended those procedures in 1986 which added new provisions governing the garnishment of earnings. A.R.S. §§ 12-1598 et seq.; Frazer, Ryan, Goldberg Keyt & Lawless v. Smith, 184 Ariz. 181, 183, 907 P.2d 1384, 1386 (App. Div. 1 1995).

On the Court's own motion,

**IT IS ORDERED** that Plaintiff show cause in writing on or before **July 24, 2006** why this Court should not recommend that Plaintiff's Motion For Entry Of Garnishment Disposition Order be denied because Plaintiff has not demonstrated that Defendant/debtor has received, at least, the minimal notice required by the United States Constitution of Plaintiff's requested garnishment of his wages.

**IT IS FURTHER ORDERED** that the undersigned's staff shall mail a copy of this Order to the Defendant's purported employer, HW Johnson, Inc., 845 S. 59th Avenue, Phoenix, AZ 85043.

DATED this 12th day of July, 2006.

Lawrence O. Anderson
United States Magistrate Judge