IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-00-1120-PHX-FJM (LOA) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Brian W. Murphy, | |
| Defendant, | |
| and | |
| HW Johnson, Inc., | |
| Garnishee. | |

This matter arises on Plaintiff's Motion for Entry of Garnishment Disposition Order (docket # 20) which was referred to the undersigned by the Honorable Frederick J. Martone. (docket # 24) Plaintiff seeks an order directing the garnishment of Defendant/debtor's earnings with his current employer, HW Johnson, Inc., the Garnishee.

The Complaint was filed on June 12, 2000. (docket # 1) Pursuant to a stipulation, on September 19, 2000, a Consent Judgment was entered against Defendant in the amount of $13,519.26 plus costs and accruing interest until paid in full. (docket # 6) In 2001, a writ of garnishment was issued upon a former employer. (docket # 11) Defendant subsequently changed employers which prompted Plaintiff to file a second Application for Writ of Garnishment pursuant to 28 U.S.C. § 3205(c) on March 23, 2006. (docket # 12) On April 13, 2006, Garnishee, HW Johnson, Inc., filed an Answer to the Application for Writ of Garnishment

indicating that at the time of service of the Writ, he had in his possession non-exempt earnings belonging to and due Defendant, and that Garnishee was not indebted to Defendant. (docket # 15) Defendant did not file a response to the Garnishee's Answer.

On July 5, 2006, this matter was referred to the undersigned for the limited purpose of addressing Plaintiff's Motion for Entry of Garnishment Disposition Order. (docket # 24) After review of the file, the Court found that Plaintiff had not established to its satisfaction that Defendant/debtor had received adequate notice of the garnishment proceedings. (docket # 25) The Court noted that the Supreme Court has held that the required notice to be given when substantial rights are involved is that which is "reasonably calculated under all the circumstances to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Trust Co., 436 U.S. 306, 314 (1950). In view of the lack of evidence regarding the notice which Defendant/debtor had been given, on July 12, 2006, the undersigned issued an Order to Show Cause directing Plaintiff to show cause why the Court should not recommend that Plaintiff's Motion for Entry of Garnishment Disposition Order be denied based on Plaintiff's failure to demonstrate that Defendant/debtor had received constitutionally adequate notice of Plaintiff's request to garnish his wages. (docket # 25 at 3)

On August 29, 2006, Plaintiff filed a Notice of Compliance with Order to Show Cause. (docket # 33) Plaintiff submitted evidence that on August 10, 2006, Defendant, Brian W. Murphy, was "served in person at his place of employment" with the Garnishment documents (the Application for Writ of Garnishment, Writ of Continuing Garnishment, Motion for Entry of Garnishment Disposition Order, Garnishment Instructions to Judgment Debtor, Clerk's Notice of Post Judgment Garnishment, and Garnishee's Answer). (docket # 32) The Court finds that Defendant/debtor was provided with sufficient notice of the pending Motion for Entry of Garnishment Disposition Order and the related materials. Defendant has not responded to the garnishment request or to the Garnishee's Answer and the time in which to do so has passed.

In view of the foregoing, the Court recommends that Plaintiff's Motion for Entry of Garnishment Disposition Order (docket # 20) be granted. Plaintiff shall promptly provide the assigned District Judge to his chamber's email box a Garnishment Disposition Order consistent herewith.

In accordance with the foregoing,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Entry of Garnishment Disposition Order (docket # 20) be **GRANTED.**

**IT IS FURTHER RECOMMENDED** that the Court issue a Garnishment Disposition Order which orders that: Garnishee pay the sum of 25% of Defendant's non-exempt earnings to Plaintiff and continue withholding the Defendant's non-exempt earnings and paying them to Plaintiff until the debt to Plaintiff is paid in full or until the Garnishee no longer has possession of any non-exempt earnings belonging to the Defendant/debtor or until further Order of this Court. Checks shall be made payable to the U.S. Department of Justice and mailed to the U.S. Attorney's Office, Financial Litigation Unit, 405 West Congress, Suite 4900, Tucson, Arizona 85701-5041.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

1  Failure timely to file objections to any factual determinations of the Magistrate Judge
2  will be considered a waiver of a party's right to appellate review of the findings of fact in an
3  order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72,
4  Federal Rules of Civil Procedure.

DATED this 30th day of August, 2006.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge